IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KARLO LEVINCE LANE**                                                            **PLAINTIFF**

v.                                                                          No. 4:20CV132-JMV

**WARDEN MORRIE, ET AL.**                                               **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Karlo Levince Lane, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that prison officials were deliberately indifferent to his serious medical needs by not providing him with mental health medication for a period of approximately two months while he was housed at the Mississippi State Penitentiary. The defendants have moved [20], [21] for summary judgment, arguing that the plaintiff did not exhaust the grievance process before filing the instant suit.

The plaintiff did not initially respond to the summary judgment motions, and the court then extended the deadline to do so. The plaintiff did not, however, respond to the motions prior to the expiration of the extended deadline. The matter is ripe for resolution. For the reasons set forth below, the motions [20], [21] by the defendants for summary judgment will be granted, and the instant case will be dismissed without prejudice for failure to exhaust administrative remedies.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

MDOC records indicate that Mr. Lane filed a single grievance concerning access to mental health treatment or medication, ARP EMCF-19-1395. Doc. 21-2, Motion Exhibit "B." That grievance was rejected by the ARP program because it asked for monetary compensation; the grievance response stated that such relief was "[b]eyond the power of ARP to grant." *Id*. at 000003. MDOC has no record of Lane having filed any other grievances concerning mental health during this period. *See* Motion Ex. "C." He did not submit a corrected grievance within the five-day deadline to do so: "If a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance." Inmate Handbook, Chapter VIII, subsection VI.

**Failure to Exhaust Administrative Remedies**

The documents the parties have provided reveal that the plaintiff did not exhaust the prison grievance process before filing the instant suit. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. §1983. A prisoner cannot satisfy the exhaustion

requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); see also *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty.Med.Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11,2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules.") The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir.2012).

The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's Legal Claims Adjudicator within thirty days of the incident. *Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The Adjudicator initially screens the grievance and determines whether or not to accept it into the ARP process. *Id*. The screening phase operates as a filter – applied before the formal grievance process begins – to remove procedurally defective or otherwise invalid grievances.

A prisoner cannot satisfy the exhaustion requirement by filing a procedurally defective grievance or appeal. *Woodford, supra*. Hence, rejection of a grievance during the screening phase terminates the grievance – and does *not* count as exhaustion of the grievance process. *See Seales v. Shaw*, No. 5:15-CV-59-KS-MTP, 2016 WL 616749, at *3 (S.D. Miss. Jan. 26, 2016), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, No. 5:15-CV59-KS-MTP, 2016 WL 616385 (S.D. Miss. Feb. 16, 2016) (finding rejection during initial MDOC screening process not to constitute exhaustion); *Goldmon v. Epps*, No. 4:14-CV-0112-SA-SAA, 2015 WL 5022087, at *3 (N.D. Miss. Aug. 24, 2015) (same); *see also Robinson v. Wheeler*, 338

Fed. Appx. 437 (5th Cir. 2009) (per curiam) (not reported) (upholding Louisiana initial screening provision of prison grievance process). However, if the defects in the original grievance were minor ("technical" or "matters of form") an inmate may submit a new, corrected, grievance (not an appeal of the defective one) within five days of the rejection:

> If a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance.

See https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (last visited April 3, 2019)).

If accepted, the grievance is forwarded to the appropriate MDOC official, who then issues a First Step Response to the complaining inmate. *Howard, supra*. If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the Legal Claims Adjudicator. *Id*. The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response – which completes the ARP process. *Id*. Issuance of the Second Step Response is the only way to complete the grievance process. If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id*.

In this case, Mr. Lane's sole grievance regarding access to mental health treatment was rejected because he requested monetary compensation – a form of relief not permitted through the grievance process. Doc. 20-2 at 2. Mr. Lane did not submit a corrected grievance within five days, as set forth in Chapter VIII, subsection VI of the Inmate Handbook. Thus, MDOC rejected Mr. Lane's grievance – terminating the grievance process before exhaustion. The path forward in the grievance process was to submit a corrected grievance (one that does not ask for money). Mr. Lane did not do so; as such, he has not exhausted his administrative remedies, and the instant case will be dismissed for that reason.

## Conclusion

For the reasons set forth above, the defendants' motions [20], [21] for summary judgment will be granted, and the instant case will be dismissed without prejudice for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 9th day of November, 2021.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE